IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAUL BENAVIDES, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3198-K-BN |
| | § | |
| FREEDOM MORTGAGE CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Raul Benavides, Jr. filed a petition in a state court in Dallas County, Texas related to a loan modification of his mortgage secured by real property located in Fort Worth, Texas, and Defendant Freedom Mortgage Corporation removed Benavides's lawsuit under the Court's diversity subject matter jurisdiction. *See* Dkt. No. 1.

Although this lawsuit appears to concern property located in the Fort Worth Division of this district, Freedom removed it to the Dallas Division, as the law requires. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) ("A defendant who wants to remove a civil action from a state court to a federal district court must 'file in the district court of the United States for the district and *division* within which such action is pending a notice of removal.'" (quoting 28 U.S.C. § 1446(a); emphasis in *Kreimerman*)).

That is because the general venue statute, 28 U.S.C. § 1391, "has no application to a removed action. [Instead, v]enue of removed actions is governed by

28 U.S.C. § 1441(a)." *Mello Hielo Ice, Ltd. v. Ice Cold Vending, LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *6 (N.D. Tex. Jan. 11, 2012) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)); *accord Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 51-52 (5th Cir. 2012) (per curiam).

Freedom then moved to transfer this case to the Fort Worth Division under 28 U.S.C. §§ 1404(a) and 1406(a) [Dkt. No. 3] and to extend its deadline to respond to February 5, 2025 [Dkt. No. 4].

And United States District Judge Ed Kinkeade referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 6.

The Court granted Freedom's motion for extension and ordered Benavides to respond to the motion to transfer by January 6, 2025. *See* Dkt. No. 7. No response was filed.

**Discussion**

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a).

First, even if venue is proper in the Dallas Division, because this action could have been filed in the Fort Worth Division, it is eligible to be transferred there under Section 1404(a).

And, where the Fort Worth Division, as opposed to the Dallas Division, has a local interest in a lawsuit, and "most of the section 1404(a) factors are neutral as between the Dallas and Fort Worth Divisions, but none of the factors favor maintaining [a] newly filed case in the Dallas Division," a lawsuit should be transferred, in the interest of justice, to the Fort Worth Division. *Kirkpatrick v. ARM WNY LLC*, No. 3:15-CV-1818-L, 2015 WL 3539604, at *2 (N.D. Tex. June 5, 2015) (transferring to the Fort Worth Division a lawsuit under Fair Debt Collection Practices Act that could have been filed in any division in this district where the plaintiff "allege[d] that he resides in Fort Worth and that the events giving rise to this lawsuit occurred in the Northern District of Texas, where he resides or resided at the time of the events in question"); *see also id.* at *3 ("[I]f the events giving rise to this action occurred in Fort Worth, the local interest in having localized interests decided at home – as well as, to a lesser extent, the factors addressing the relative ease of access to sources of proof and the cost of willing witnesses' attendance – favor transfer to the Fort Worth Division." (cleaned up)); *accord United States v. Sig Sauer (Sig-Arms) MPX-P Pistol*, No. 3:18-cv-941-L, 2018 WL 11434592 (N.D. Tex. Apr. 30, 2018) (transferring to the Fort Worth Division an in rem civil forfeiture action where the plaintiff resided in Fort Worth); *Davis v. U.S. Bank, N.A.*, No. 3:12-cv-2756-L, 2012 WL 9334546 (N.D. Tex. Aug. 16, 2012) ("Because the property, Plaintiff, and at least one defendant are all located in Tarrant County, the more likely convenient venue is in the Fort Worth Division of the Northern District of Texas.").

For these reasons, the Court should transfer this lawsuit to the Fort Worth

Division of this district.

### Recommendation

The Court should grant Defendant Freedom Mortgage Corporation's motion to transfer this lawsuit to the Fort Worth Division of the Northern District of Texas under 28 U.S.C. § 1404(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 14, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE